THE ISLAND CITY SAVINGS BANK v. WILLIAM WALES.

(No. 2228.)

APPEAL from Galveston County.    Opinion by WILLSON, J.

McLEMORE & CAMPBELL, for appellant.

BURNETT & HANSCOM, for appellee.

§ **244.** *Minor; suit by next friend; proper judgment in such case.* Appellee, a minor, brought this suit by his next friend, E. Samuels, to recover of appellant $480, the same being a deposit made by said minor in said bank. He recovered judgment for said amount and costs. Appellant's first assignment of error is, that the judgment is informal; that it should have been rendered in favor of Samuels, the next friend, and not in favor of the minor. *Held:* The judgment was correctly rendered in favor of the minor, and would have been incorrect had it been rendered in favor of the next friend. [R'y Co. v. Styron, 3 Tex. Law Rev. 394.]

§ **245.** *Contract with minor; binding effect of upon minor; rules as to; case stated.* Under the second and third assignments of error appellant submits the following proposition: " An executed agreement between a · minor and others, whereby the interest of the minor is greatly benefited and saved from loss, and whereby the rights of the other parties to the agreement are materially affected by disturbing the settlement made, should not be interfered with by the courts at the instance of the minor, who seeks to retain the advantage obtained under the agreement and does not offer to restore the other parties to their original position as to their lost rights, and whereby the minor's interest was promoted under the agreement as executed." The facts upon which this proposition is based are stated in the trial judge's conclusions of fact as follows: " The defendant is a banking corporation in the city of Galveston, doing business under act of incorporation of June 24, 1870, amended December 1, 1871, and June 3, 1873. On or about the —— day of January, 1885, the defendant by reverse of fortune having become insolvent, and being unable to meet its liabilities, closed its doors and ceased for a time to transact any business. Following soon upon the suspension of business by defendant and closing its doors, there were a number of meetings held by the depositors, creditors and stockholders of the bank to devise some

means of arriving at a settlement and adjustment of the affairs of the bank and provide for the payment of its liabilities.    Before and during the period of those meetings, and before any adjustment of the matters of the bank had been arrived at, a large number of attachment and garnishment suits were instituted by creditors of the bank, and under writs of attachment and garnishment issuing out of same, all of the assets of the bank were seized and taken into custody of the law.    Plaintiff was a depositor in the defendant bank, and at the time of its suspension of business had on deposit therein the sum of $1,824.10.    The deposit of this money was made by plaintiff in person, and when he was a minor.    On the ——— day of February, 1885, a written proposition was made by certain persons to the then stockholders of the bank, wherein they proposed that if the stockholders of the bank would release and surrender to them all the stock of the bank and all of its assets, together with some $23,000 in cash which had been contributed by some public spirited and charitably inclined citizens and placed in the bank to assist in paying off the amounts due depositors, many of whom were poor and needy, and upon all the creditors and depositors of the bank agreeing to take on settlement of their claims seventy-four per cent. of the amounts due, one-fourth thereof to be paid in cash, and the balance in three notes of equal amounts payable in three, six and nine months respectively, and release the bank from all further liability on their claims, and upon the release of those creditors who had instituted attachment and garnishment suits, of their attachments and garnishments, the said proposers would take charge of the said bank and its affairs, and place $100,000 new capital therein, and open the bank and continue its business, and pay off all the creditors of the same on the basis of seventy-four per cent. on the amounts then shown to be due them. This proposition was accepted by the then stockholders of the bank, and they then opened a list for depositors and creditors of the bank to sign, headed by an agree-

ment to accept in settlement of their claims seventy-four per cent. of the amounts due them, to be paid in the manner stated in said proposition, and to release the bank from all further liability thereon. This list was signed by the plaintiff in person, and by all, except a few, of the other depositors of the bank, and when he signed the same he was a minor, being about sixteen years of age. . . . Plaintiff, before the institution of this suit, received from the bank payment in full of the seventy-four per cent. of the amount deposited by him in said bank, as agreed to be paid to, and accepted by him in said agreement of settlement." The foregoing are all the facts necessary to be recited for the purpose of understanding and determining the question presented by appellant's proposition above quoted, except that appellant pleaded said agreement and its performance in bar of this action, and appellee replied to said plea that he was a minor at the time of the execution and performance of said agreement, and was not therefore bound thereby. *Held:* With respect to the binding force of contracts made with minors, upon them, the rules of law seem now to be plain and well settled. In an exhaustive note upon the subject following the case of Vasser v. Smith, 1 Am. Leading Cases, pp. 299, 230, the authorities are collated and reviewed, and the rules deducible from the great weight of them are: 1. The *only* contract binding on an infant is the *implied* contract for necessaries. . . . All other acts and contracts, executed or executory, are voidable or confirmatory by him, at his election. 2. Whether the contract be beneficial or injurious to the infant is not a question to be considered, and in no way affects the liability of the infant. 3. Where a contract with an infant has been executed by the adult, and the infant had received a consideration, he must surrender the consideration, if it be in his possession or control. 4. Contracts of a personal kind, or relating to personal property, may be avoided, under age and immediately. Apply these rules to the facts of this case.

The agreement entered into with the minor was not for necessaries for him. It was therefore a contract which he might avoid or confirm at his election, without regard to whether it inured to his benefit. It related to personal property, and he could therefore avoid it at once before arriving at the age of majority. He received nothing under said contract except that which belonged to him. The amount received by him from the bank upon the settlement was his money, to which the bank had no right or claim, and which by suit he could have recovered. Should he be compelled to surrender his own property? It would be unjust and unreasonable to require him to do so. It would be folly to require it, because it could effect no purpose. If he were compelled to surrender it, he would be entitled to sue for and recover it. The law does not require the performance of unnecessary or idle acts. Appellee, having elected to avoid the contract, said contract and the performance thereof by appellant are not a valid defense to this action.

§ **246.** *Corporation; liability of stockholders in a reorganized, for debts of original.* The third and last proposition of appellant is as follows: "The parties sued were not the successors as stockholders in the original bank, nor were they the corporation known as the Island City Savings Bank, the original debtor of Wm. Wales; they were persons who had taken all of the property of the corporation known as 'The Island City Savings Bank,' and were doing business only under that name, not as shareholders in the corporation as organized, but merely as persons who had acquired the right to do banking business under that name by contract with the original shareholders who retired the stock as worthless, and allowed the parties sued to do business in the future under the privilege of the charter, and the consideration was the payment of seventy-four per cent. of the indebtedness of the corporation. And such being the facts, the parties sued were not liable in any way to the creditors of the

old corporation beyond the value of the assets taken." *Held:* The facts bearing upon the proposition are substantially the same as were presented in the case of The Island City Savings Bank v. Satchleben, decided by our supreme court, February 25, 1887, in which the precise question presented by the above proposition was fully. discussed, and was determined adversely to said proposition. In accordance with that decision, and with our own views, we hold that the appellant corporation as reorganized, is, in law, the same as the original corporation, and as such is liable.

February 26, 1887.                              Affirmed.